This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40300**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

  Petitioner-Appellee,

v.

**ERICKA G.,**

  Respondent-Appellant,

and

**JAVIER F.-R.,**

  Respondent,

**IN THE MATTER OF CARLOS F.,**

  Child.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Judge**

Children, Youth and Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}**     Ericka G. (Mother) appeals from the district court's judgment terminating her parental rights as to Child. Unpersuaded that the docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Mother has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}**     The memorandum in opposition purports to continue Mother's initial challenge to the sufficiency of the evidence to support the termination of her parental rights; however, it actually raises a new argument: the adjudication of neglect order is unclear, Mother's plea of no contest might be invalid, and therefore, Children, Youth and Families Department (CYFD), failed to meet the statutory criteria that Child was neglected. [MIO 12] New arguments raised in response to a calendar notice are treated as a motion to amend. *See* Rule 12-210(D)(2) NMRA (stating, "[t]he parties shall not argue issues that are not contained in either the docketing statement or the statement of the issues[,]" but permitting the appellant to move to amend the docketing statement upon good cause shown, which can be combined with a memorandum in opposition).

**{3}**     In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{4}**     The memorandum in opposition to our notice should satisfy all or most of the factors set forth in *Rael* in order to show good cause to amend the docketing statement, but it does not address or satisfy any of them. First, the memorandum was not timely filed. A motion to amend will be considered timely when filed "prior to the expiration of the time for filing a memorandum in opposition in cases assigned to the summary calendar." *Rael*, 1983-NMCA-081, ¶ 8. We granted an extension to file the memorandum in opposition to June 3, 2022. It was filed on June 6, 2022. Thus, it is untimely.

**{5}** Second, the memorandum in opposition does not provide us with even basic information required of a docketing statement. It does not provide, for example, a statement of how the issue of any problem with Mother's no-contest plea arose and was preserved in the trial court, or a statement of the relevant evidence presented and arguments raised in favor of and against the allegation of error and the basis for the district court's rulings. *See* Rule 12-208(D)(3), (4) NMRA; *Rael*, 1983-NMCA-081, ¶¶ 7-8. We have explained that the requirement of appellants to satisfy their burden to state all facts material to the consideration of the late-raised issue applies "with equal, if not greater, force to requests to amend docketing statements and to fulfill showings of good cause that would persuade us to allow any motion to amend." *Rael*, 1983-NMCA-081, ¶ 10.

**{6}** Third, Mother's response does not demonstrate good cause and makes no attempt to explain why issues were not originally raised in the docketing statement or why the response has not otherwise complied with the appellate rules. *Id.* ¶¶ 7-8.

**{7}** Fourth and lastly, this late challenge to Mother's no-contest plea and the adjudication of neglect order does not raise a demonstrably viable issue. *See Moore*, 1989-NMCA-073, ¶¶ 36-51. There is no indication that Mother has ever raised this matter before and the response to our notice does not explain why it may be raised for the first time on appeal. The record shows that Mother never moved to revoke or withdraw her plea, does not explain how she contested the allegations of neglect, and did not appeal from the adjudication order. Under substantially similar circumstances, we have held that the parent waived any issue concerning the validity of a plea and may not raise such a challenge to the plea for the first time on appeal. *See State ex rel. Child., Youth & Fams. Dep't v. Amy B.*, 2003-NMCA-017, ¶ 9, 133 N.M. 136, 61 P.3d 845 (stating that where the "[m]other never moved to revoke or withdraw her plea, even when she learned that the trial court was not going to require the Department to engage in any efforts[, and] did not appeal the dispositional order[, the m]other waived any issue concerning an involuntary or unknowing plea"). We also note that the response filed on behalf of Mother merely speculates about the validity of the no-contest plea and does not claim to make any assertions based on statements or claims made by Mother or her trial counsel or based on actual factual support in the record. [MIO 12] *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error."). Although not necessary for our assessment, we observe that the memorandum in opposition does not claim that the materials in the record fail to supply grounds for a finding of neglect, and we see no basis for such a claim. [RP 1-2, 6-9, 21-24, 37-56] For these reasons, we hold that the memorandum in opposition does not demonstrate a viable issue or satisfy any of the other requirements for amending the docketing statement and do not address this matter further.

**{8}** Mother's remaining contentions relative to the sufficiency of the evidence do not assert any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in

fact or law.”); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that “[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact,” and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Mother to our analysis therein.

**{9}** Accordingly, for the reasons stated in our notice of proposed disposition and this opinion, we summarily affirm the termination of Mother’s parental rights.

**{10} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**